IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DR. PATRIZIA RICCARDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06cv0605 |
| ) | |
| VANDERBILT UNIVERSITY MEDICAL CENTER, ) | |
| and DR. ROBERT KESSLER, and ) | |
| DR. MARTIN SANDLER, individually, ) | |
| ) | |
| Defendants. ) | |

CASES CONSOLIDATED
Judge Thomas A. Wiseman, Jr.

| | |
|---|---|
| DR. ROBERT KESSLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06cv0615 |
| ) | |
| DR. PATRIZIA RICCARDI, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Patrizia Riccardi's Renewed Motion for Judgment as a Matter of Law and alternative motion for remittitur or a new trial (Doc. No. 245) in Civil Action No. 3:06cv0615. Plaintiff Robert Kessler has filed his response in opposition to the motion (Doc. No. 251). In her motion, Dr. Riccardi seeks judgment in her favor as a matter of law on Dr. Kessler's defamation claim on the grounds that Dr. Kessler failed to present evidence of actual damages resulting from the defamatory statements, as required by Tennessee law. Alternatively, Dr. Riccardi requests that the damages awarded for pecuniary injury ($500,000) be set aside on the grounds that there was no evidence presented from which a jury could conclude that Dr. Kessler suffered any actual monetary losses resulting from the defamation. In addition, Dr. Riccardi requests a new trial or remittitur of the amount of damages awarded by the jury on Dr. Kessler's defamation claim for injury to reputation and mental and emotional

suffering ($1,500,000) on the grounds that the award is not supported by the evidence and is clearly excessive.

Dr. Riccardi also requests that the Court set aside the $5,000 awarded by the jury to Dr. Kessler for actual monetary damages associated with battery on the grounds that, again, there was no evidence from which a reasonable jury could conclude that Dr. Kessler suffered any such monetary damages.

Finally, Dr. Riccardi seeks remittitur or a new trial on the amount of punitive damages awarded on the grounds that such amount, $950,000, is grossly excessive.

As explained in greater detail in the accompanying Memorandum Opinion, the Court finds that there is evidence in the record to support the jury's finding that Dr. Kessler suffered actual damages resulting from defamation by Dr. Riccardi. However, the Court finds that there was not sufficient evidence in the record to support the awards of actual monetary damages of either $500,000 arising from the defamation or $5,000 arising from battery.

Further, the Court finds that the $1,500,000 awarded for damage to reputation and emotional pain and suffering and the $950,000 awarded in punitive damages are both in excess of the range supported by the proof and so excessive as to shock the conscience, and must be reduced or a new trial ordered.

Consequently, the motion for judgment as a matter of law on the defamation claim is **DENIED**, but the motion to set aside the award of monetary damages in the amount of $500,000 associated with defamation is **GRANTED**. The motion to set aside the award of $5,000 in monetary damages associated with battery is likewise **GRANTED**.

Dr. Riccardi's motion for a new trial on the issue of compensatory damages for defamation is conditionally **DENIED**, subject to Dr. Kessler's acceptance of a remittitur of the compensatory damages, from $1,500,000 to $250,000.

Dr. Riccardi's motion for a new trial on the issue of punitive damages is likewise conditionally **DENIED**, subject to Dr. Kessler's acceptance of a remittitur of the punitive damages, from $950,000 to $250,000.

Dr. Kessler shall and is hereby **ORDERED** to file a notice with the Court within thirty (30) days of entry of this Order indicating whether or not he accepts the Court's suggested remittitur of both the compensatory damages amount and the punitive damages amount. If he declines to accept either or

both of the suggested remittiturs, a new trial solely on the issue of compensatory and/or punitive damages will be ordered, as applicable.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge