RECEIVED
IN CLERK'S OFFICE

DEC - 8 2010

U.S. DISTRICT
MID. DIST.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRIZIA RICCARDI, ) | |
| ) | |
| Plaintiff ) | |
| ) | No:03-0605 |
| v. ) | |
| ) | |
| ) | Judge William Haynes |
| ROBERT KESSLER, ) | |
| Defendant ) | |

*[Handwritten order: ORDER. This motion is unavailing, but the court reaffirms its Order for the reasons stated. Entered 12-8-10]*

**Pro Se Plaintiff Dr. Patrizia Riccardi's Motion for Reconsideration of Discovery Ruling**

*Pro Se* Plaintiff Dr. Patrizia Riccardi respectfully submits this Motion For Reconsideration of the November 22nd, 2010 Ruling denying her request for the Court to sign a subpoena directed to Vanderbilt University seeking records of any and all documents related to Dr. Kessler's grant concerning the topic of Methamphetamine. Plaintiff makes this request based on the good faith belief that Defendant Dr. Kessler resubmitted the Methamphetamine grant after the first trial in this case, which took place in October 2007. Evidence that the grant was resubmitted is contained in the publicly available August 14, 2009 Curiculum Vitae of Dr. Cowan, pages 7-8, which lists the Methamphetamine grant as pending and Dr. Cowan being a co-investigator on this grant. According to the National Institute of Health, a pending grant means that it has been submitted and is under review.
(http://www07.grants.gov/assets/TrackingYourApplicationPackage.pdf).
Therefore, it appears, based on Dr. Cowan's CV, that the grant was pending in 2009, which means it had been resubmitted after the October 2007 trial. Because the grant is at issue in this litigation, Plaintiff requests the opportunity to obtain copies of the resubmitted grant from Vanderbilt University.

Additionally, although I am not an attorney, my understanding is that the standard for discovery is liberal and many courts have allowed litigants to obtain discovery from a third party source when an opposing party claims not to possess a document at issue in the case. My understanding of the reasoning behind this is that litigants should not be required to rely on the representations of an opposing party or opposing counsel that a document at issue in the case does not exist. Here, based on Dr. Cowan's CV, there is a good faith basis to believe that the

1

